UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MELINDA M. LaSANTE,

                              Plaintiff,

         -against-                                    1:08-CV-0744 (LEK/DRH)

JOHN D. ACKLEY,

                              Defendant.
_____

**MEMORANDUM-DECISION AND ORDER**

Plaintiff Melinda M. LaSante ("Plaintiff") commenced the present action on July 10, 2008.

Compl. (Dkt. No. 1).  Plaintiff, a citizen of Vermont, alleges that Defendant John D. Ackley

("Defendant"), a citizen of New Jersey, negligently drove an automobile on Interstate 87 in the

Town of Colonie, New York, and caused his vehicle to collide with Plaintiff's stopped vehicle.  Id.

¶¶ 3-5.  This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 based on the

parties' diversity and amount in controversy.  Presently before the Court is Defendant's Motion

seeking summary judgment and dismissal of Plaintiff's Complaint.  Dkt. No. 22.  For the reasons

that follow, Defendant's Motion is granted.

I.       **BACKGROUND**

The undisputed relevant facts are as follows: On July 17, 2005 at approximately 4:30 p.m.

Plaintiff and Defendant were operating their respective vehicles on Interstate 87 in a southbound

direction in the Town of Colonie, New York.  Statement of Material Facts (Dkt. No. 22-1) ("SMF")

¶ 1.  Defendant struck Plaintiff's vehicle when the vehicle in front of him swerved suddenly to the

side.  Id. ¶ 3.  No traffic violations were issued by the responding officer.  Id. ¶ 3.

Following the accident, Plaintiff rented a car at the Albany International Airport to continue

her trip to New York City.  Id. ¶ 3.  Plaintiff claims that she woke up in pain the day after the

accident.  Id. ¶22.  Plaintiff spent two nights in New York City and returned to Vermont on July 19,

2005.  Id. ¶ 4.  Plaintiff again returned to New York State on July 20, 2005 to drive her friend to

Albany International Airport.  Id. at ¶¶ 23-24.

On July 22, 2005, Plaintiff saw Dr. Maurice Cyr, a chiropractor, for the first time.  Id. ¶ 56.

According to Dr. Cyr, Plaintiff's pain began in the left shoulder and "then spread to the entire back,

more left sided than right sided."  Cyr Aff. (Dkt. No. 28-1) ¶ 3.  Dr. Cyr treated Plaintiff with a

combination of "spinal and nonspinal manipulation and muscle therapies."  Id. ¶ 5.  Plaintiff has

never sought treatment with a medical doctor for her claimed injuries.  SMF ¶54.

In August of 2005, Plaintiff drove herself to Rochester, New York where she temporarily

resided.  Id. ¶ 61.  On August 2, 2005 Plaintiff began treating with another chiropractor, Scott

Coykendall, P.C..  Id. ¶ 71.  Plaintiff reported no significant improvement with her pain during the

period she was treated by him, ending on August 15, 2005.  Id. ¶ 73.

Plaintiff then moved to California and began treatment with another chiropractor, Dr.

Ringer, beginning September 7, 2005 and continuing until January 18, 2006.  Id. ¶ 76.  Dr. Ringer

treated Plaintiff with electrodes about 3 times per week, which Plaintiff noted improved her

condition "slightly to moderately."  Id. at ¶¶ 77-79.  Plaintiff returned to Vermont in the spring of

2006.  Id. ¶ 33.

On June 28, 2006 Plaintiff had an MRI taken at the Rutland Regional Medical Center in

Rutland, Vermont.  Id. ¶ 80.  The MRI report states that "the lumbar vertebrae are normal in height

and signal." Id. ¶ 80.  The report notes a significant degenerative disc change at L4-5, no evidence

of herniation, and no evidence of neural compromise.  Id..

Plaintiff treated with a physical therapist at Morris Physical Therapy P.C. on April 26, 2007. Id. ¶ 89. The treatment records state that Plaintiff showed full range of motion and note that her lumbar screen was normal. SMF at ¶¶ 89-90.

On January 21, 2008, Plaintiff had another MRI taken of her sacrum, pelvis, and lumbar spine. The MRI report states that "the sacrum and sacroiliac joints appear normal," and that there were "[n]o masses, bony destruction or significant arthropathic changes." Id. at ¶ 84. Significant degenerative disc changes were found at L4-5 and there was no evidence of disc herniation. Id. ¶ 85. Compared to the MRI results of June 28, 2006, there was "little or no interval change." Id.

On May 5, 2008 Plaintiff underwent another MRI, this time of her cervical spine. The MRI report indicates "there is no evidence for syrinx or Chiari malformation." Id. ¶ 87. While a protuberant disc was observed at C5-6, it was attributed to degenerative changes. Id.

At the request of Defendant, Dr. Bryan S. Bilfield performed an independent orthopedic examination of Plaintiff on December 3, 2009. Id. at ¶¶ 92-93. Dr. Bilfield observed no "atrophy of the lower extremities by direct measurement and no tenderness to palpitation over the lumbar spine." Bilfield Aff. (Dkt. No. 22-15) ¶ 11. Dr. Bilfield observed a "mild" limitation of Plaintiff's range of motion. Id. After examining Plaintiff's MRI results, Dr. Bilfield found no evidence of neural root compromise or disc herniations. Id. ¶ 23. Dr. Bilfield did, however, opine that the MRI results revealed degenerative disc disease at L4-5. Id. In Dr. Bilfield's opinion, there are no objective abnormalities or neurologic findings that explain Plaintiff's subjective complaints of pain. Id. ¶ 14. Furthermore, Dr. Bilfield believes that Plaintiff's degenerative disc disease at L4-5 "developed over time and likely preexisted the accident." Id.

Dr. Cyr opines that Plaintiff's injuries meet the statutory threshold for "serious injuries"

under New York State Law, but he does not state the rationale for this conclusion.  Cyr Aff. ¶ 6.

The only evidence Dr. Cyr cites in support of this conclusion is that he observed "muscle guarding"

and "spasms" while examining Plaintiff.  Id. ¶ 8.

## II.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the

pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

FED. R. CIV. P. 56(c)(2).  "An issue is genuine if the relevant evidence is such that a reasonable jury

could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, 477 U.S. 242, 248

(1986).  The moving party bears the initial burden of identifying the portions of the record that

demonstrate an absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986).

If the movant establishes a *prima facie* basis for summary judgment, the burden shifts to the

nonmovant who must produce evidence demonstrating the existence of a factual dispute that a

reasonable jury could resolve in his favor.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

U.S. 574, 587 (1986); Brown v. Henderson, 257 F.3d 246, 251 (2d Cir. 2001).  The nonmovant

"may not rely merely on allegations or denials in its own pleadings" to overcome a motion for

summary judgement.  FED. R. CIV. P. 56(e)(2); see Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir.

1991); Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990).

In considering the motion, the Court "must view the evidence in the light most favorable to

the non-moving party and draw all reasonable inferences in its favor."  Consarc Corp. v. Marine

Midland Bank, N.A., 996 F.2d 568, 572 (2d Cir. 1993).  The Court may grant summary judgment

only when "no reasonable trier of fact could find in favor of the nonmoving party." Lund's, Inc. v. Chem. Bank, 870 F.2d 840, 844 (2d Cir. 1989).  It is not the Court's role to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 249.

## III.   DISCUSSION

Plaintiff's Complaint seeks to recover damages for personal injuries, alleging that as a proximate result of Defendant's negligence, violation of New York State motor vehicle laws, and common law duties, Plaintiff suffered permanent serious injuries as defined under Section 5102(d) of the New York Motor Vehicle and Traffic Law, emotional distress, mental anguish, and medical expenses.  Compl. ¶ 5.

"Federal courts exercising diversity jurisdiction must apply state substantive law." Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).  Because the accident at issue occurred within New York State, New York law applies.  Compl. ¶ 3.

New York State's "no-fault" insurance law was created to improve the tort system's ability to "rapidly, adequately and fairly compensate victims of automobile accidents" by "removing minor claims from the courts." Goodkin v. United States, 773 F.2d 19, 21 (2d Cir. 1985) (citing Montgomery v. Daniels, 38 N.Y.2d 41, 340 N.E.2d 444 (1975)).  Consequently, in order to recover above the statutory limits for personal injuries, plaintiffs are required to satisfy a "serious injury" threshold.  See N.Y. INS. LAW § 5102(d); see Licari v. Elliott, 57 N.Y.2d 230, 441 N.E.2d 1088, 1091-92 (1982); Goodkin, 773 F.2d at 21.  The statute defines "serious injury" as:

> A personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system;  permanent  consequential  limitation  of  use  of  a  body  organ  or  member;

significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

N.Y. INS. LAW § 5102(d).

The New York Court of Appeals has rejected the argument that the question of whether a plaintiff has suffered a serious injury is "always a question for the jury." Meyer v. AFGD, Inc., 140 F. Supp. 2d 179, 182 (N.D.N.Y. 2001) (Kahn, *J.*) (quoting Licari, 57 N.Y.2d 230, 441 N.E.2d at 1091-92). Rather, the court "should decide the threshold question of whether the evidence would warrant a jury finding that the injury falls within the class of injuries that, under no-fault, should be excluded from judicial remedy." Licari, 57 N.Y.2d 230, 441 N.E.2d at 1092. Furthermore, the serious injury requirement should be strictly construed given the legislature's determination to "'significantly reduce the number of automobile personal injury accident cases litigated in the courts, and thereby help contain the no-fault premium.'" Casado Cruz v. Pritt, No. 99-CV-3029, 2000 U.S. Dist. LEXIS 2152, at * 6-7 (S.D.N.Y. Feb. 25, 2000) (quoting Licari, 57 N.Y.2d at 236, 441 N.E.2d at 1091). In order to meet this threshold, "plaintiff must have sustained an injury that is identifiable by objective proof; plaintiff's subjective complaints of pain do not qualify as a serious injury within the meaning of Insurance Law § 5102(d)." Fleming v. Forty, No. 05-CV-9746, 2007 U.S. Dist. LEXIS 24757, at *6 (S.D.N.Y. Apr. 4, 2007) (quoting Tuna v. Babendererde, 819 N.Y.S.2d 613, 615 (3d Dep't 2006). Thus, for each category of injury under Insurance Law § 5102(d), a plaintiff must "establish sufficient evidence of objective medical findings to demonstrate the existence of an injury by a preponderance of the evidence." Rambarrat v. United States, No. 04-CV-6115, 2006 U.S. Dist. LEXIS 13236, at *19 (S.D.N.Y. Mar. 14, 2006) (citing Toure v. Avis

Rent-a-Car Sys, Inc., 98 N.Y.2d 345, 350, 774 N.E.2d 1197 (2002)); see also Hyacinthe v. United

States, No. 05-CV-1363, 2009 U.S. Dist. LEXIS 108192, at *27-28 (E.D.N.Y. Nov. 19, 2009)

(stating that in order to show a permanent consequential limitation Plaintiff must submit objective

medical evidence) (quoting Wolff v. Schweitzer, 866 N.Y.S.2d 833, 835 (3d Dep't 2008));  Rogers

v. McLamb, No. 04-CV-7043, 2006 U.S. Dist. LEXIS 68631, at *23 (stating that under the

significant limitation category, a plaintiff must support claims of pain with objective medical

evidence) (quoting Tuna v. Babendererde, 819 N.Y.S.2d 613 (3d Dep't 2006).  This Court has

stated that "MRIs, x-rays, and CT-scans are objective and credible medical evidence of a serious

injury because they do not rely on the patient's complaints of pain."  Dendy v. United States, No.

07-CV-242, 2009 U.S. Dist. LEXIS 27349, at *8 (N.D.N.Y. Mar. 31, 2009).

      Subjective complaints of pain, absent objective medical findings, are insufficient to meet the

serious injury threshold.  See Tsveitel v. Geoghegan, No. 05-CV-5721, 2009 U.S. Dist. LEXIS

62219, at *14 (quoting Grossman v. Wright, 707 N.Y.S.2d 233, 237 (2d Dep't 2000)).  Notably,

courts within this Circuit have held that range of motion tests are insufficient to support a claim of

serious injury because they are based on the patient's "subjective expressions of pain."  Dendy v.

United States, 2009 U.S. Dist. LEXIS 27349, at *8 (N.D.N.Y. Mar. 30, 2009); see also Mercado v.

Lee, No. 04-CV-7166, 2008 U.S. Dist. LEXIS 95059, at *11-12 (S.D.N.Y. Nov. 21, 2008).

Subjective range of motion tests may support a showing of a serious injury only when they are

coupled with other objective medical evidence "such as MRIs showing disc herniations and bulges."

Piper v. Henderson, No. 07-CV-263, 2008 U.S. Dist. LEXIS 60147, at *4 (E.D.N.Y. June 10, 2008)

(citing Carter v. Atl. Greyhound Lines of Va., Inc., No. 02-CV-0393, 2005 U.S. Dist. LEXIS 14541,

at *23 (E.D.N.Y. Mar. 17, 2005)).

Under the "90/180 days" category, Plaintiff must establish that she was limited in performing "substantially all of the material acts" that constitute her "usual and customary daily activities.  See N.Y. INS. LAW § 5102(d).  The New York State Court of Appeals has held that

> the words 'substantially all' should be construed to mean that the person has been curtailed from performing his usual activities to a great extent rather than some slight curtailment.  As to the statutory 90/180-day period of disability requirement . . . . the Legislature has made it abundantly clear that disability falling within this threshold period must be proved along with the other statutory requirements in order to establish a prima facie case of serious injury.

Hyacinthe, 2009 U.S. Dist. LEXIS 108192 at *33 (citing Licari, 57 N.Y.2d at 236).  Thus, as with the other categories of serious injury, in order for a plaintiff to maintain a cause of action under the "90/180 days" category, she must support her claim with "objective medical findings," and show that her restrictions are "medically indicated."  Id. at *34 (citing Below v. Randall, 658 N.Y.S.2d 767 (3d Dep't. 1997)).

In addition to objective medical findings, a plaintiff asserting serious injury under the 90/180 days category must show that she participated in those sport or recreational activities "with sufficient regularity to constitute 'usual and customary' daily activities."  Hyacinthe, 2009 U.S. Dist. LEXIS 108192, at *24-26.  In Panchmmia v. Tauber, the court held that injuries which prevent a person from performing exercise and recreational activities are "potentially compensable," but that the plaintiff must show that she participated in "active exercise with great regularity."  775 N.Y.S.2d 490, 494-95 (N.Y. City Civ. Ct. Queens County 2004).  Similarly, in Rookwood v. Valdez, the court held that a plaintiff's "inability to fully participate in recreational activities does not qualify as a serious injury."  No. 99-CV-10285, 2001 U.S. Dist. LEXIS 9460, *14 n.6 (S.D.N.Y. July 11, 2001); see also Cooper v. Dunn, No. 99-CV-6903, 2001 U.S. Dist. LEXIS 881, at *36 (E.D.N.Y. Jan. 2,

2001) (stating that the 90/180 days category does not encompass a plaintiff's inability to play "pick up" basketball or pushups).

Applying the above principals to the instant case, Defendant sufficiently shows that no triable issues of fact exist, and that, as a matter of law, Plaintiff cannot prove a "serious injury." Plaintiff claims that her alleged injury constitutes either a permanent consequential limitation of use of a body organ or member ("consequential limitation"), or a significant limitation of use of body function or system ("significant limitation"), and a medically determined injury or an impairment of a non-permanent nature that has prevented her from performing substantially all the material acts which constitute her usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment ("90/180 days"). Pl's. Mem. in Opp'n to Summ. J. Mot. (Dkt. No. 28-4) (Pl.'s Mem.") at 2. While the Court neither doubts the sincerity of Plaintiff's claim, nor seeks to minimize her injury, the law prohibits any recovery in this action.

As noted above, for Plaintiff to prevail under any of the claimed categories of "serious injury," she must submit objective medical evidence of her limitation. She has not done so. The only evidence Plaintiff provides in support of her claim is the affidavit of Dr. Maurice Cyr, a chiropractor who began treating Plaintiff in July of 2005. Plaintiff contends that Dr. Cyr's observation of "muscle guarding" and "spasms" constitutes sufficient objective evidence to defeat summary judgment. Defendant rightfully notes, however, that these tests are based on Plaintiff's subjective experience of pain, and so, they do not constitute objective medical evidence.

The New York Court of Appeals has held that observations of muscle spasms, absent evidence that the results were objectively ascertained, are insufficient to support a finding of serious

injury.  Nitti v. Clerrico, 98 N.Y.2d 345, 357 (2002).  In Nitti, the Court stated that in order for a spasm to constitute objective medical evidence, the examiner must indicate what test he or she used to induce the spasm, and the results must be measured objectively, rather than by the patient's subjective experience of pain.  Id.  There is no indication that Dr. Cyr measured Plaintiff's muscle spasm objectively.  In fact, Dr. Cyr states in his affidavit only that he "personally observed" the muscle spasm; he does not indicate that the spasm was objectively measured.

Plaintiff also contends that Dr. Cyr's observation of "muscle guarding" constitutes objective evidence of a serious injury.  Pl.'s Mem. at 6.  Muscle guarding, however, is again based on the patient's subjective "pain or fear."  It does not constitute an objective test and, therefore, fails to provide evidence in support of Plaintiff's claim of serious injury.

The record is thus devoid of any objective medical findings which could sustain Plaintiff's claim.  In fact, the only objective medical finding on record are Plaintiff's MRIs.  Dr. Bilfield's review of the results of these MRIs lead him to conclude that Plaintiff exhibits no evidence of neural root compromise or disc herniations; he finds a total absence of abnormalities or neurologic findings that explain Plaintiff's experience of pain.  Bilfield Aff. ¶¶ 12, 14.  The only abnormalities Dr. Bilfield perceives are of degenerative disc disease, which according to him, "developed over time and likely preexisted the accident."  Id. ¶ 15.

In addition to the lack of objective medical evidence, Plaintiff fails to show a substantial curtailment of her activities under the 90/180 days category.  In fact, the record indicates that Plaintiff was quite mobile and active in the months following the accident.  On the day of the accident, Plaintiff rented a car and drove herself, along with a friend, from Albany to New York City.  SMF ¶ 21. On July 20, 2005, Plaintiff drove her friend to the Albany International Airport,

though she had to stop a couple of times to stretch.  Id. ¶ 24.  The following month, Plaintiff drove to Rochester, New York to reside temporarily with her brother.  Id. ¶ 25.  Plaintiff alleges that she was unable to perform her job as a greenskeeper during this time, however she fails to show that this restriction was "medically indicated" or supported by objective medical evidence.  Also in August 2005, Plaintiff drove from Vermont to California in 3 days.  Id. ¶ 4.  While Plaintiff claims that she could not find a job that her injuries would allow her to perform, she fails to support this claim with medical evidence and the record does not contain any evidence of a medically indicated restriction.  Id. ¶ 27.  After failing to find work in California, Plaintiff returned to Vermont and resumed employment with the Stonehenge Golf Course.  Id. ¶ 33.  Plaintiff is currently employed by two merchandising companies.  Id. ¶ 34.  In fulfilling her job responsibilities, Plaintiff does not need help moving boxes unless they are too heavy.  Id. ¶ 37.

Plaintiff also claims that she is no longer able to participate in basketball or softball.  Pl's. Aff. (Dkt. No. 28-2) ¶ 11.  While an inability to participate in sports may, at times, be sufficient to meet the 90/180 category, Plaintiff makes no attempt to demonstrate that she previously participated in these sports regularly or that her restrictions are medically indicated.  In sum, Defendant effectively demonstrates that no issues of material fact exist that could allow a reasonable jury to find that Plaintiff has suffered a "serious injury."

Plaintiff fails to rebut Defendant's case for summary judgment.  She fails to identify any objective medical evidence in support of her claim.  Plaintiff's argument that Dr. Bilfield's observation of a limitation of her range of motion constitutes objective medical evidence is without merit.  Range of motion tests are founded on the patient's subjective experience of pain, and courts have repeatedly found that they do not constitute objective evidence.  Dendy, 2009 U.S. Dist.

11

LEXIS 27349, at *8; Mercado, 2008 U.S. Dist. LEXIS 95059, at *11-12.  Moreover, Dr. Bilfield

states in his affidavit that Plaintiff's decreased range of motion was "mild" and likely preexisted

Plaintiff's injury.  Bilfield Aff. ¶ 11.  Thus, even if Dr. Bilfield's observations are considered, they

cannot support a finding of "serious injury."  See Licari, 57 N.Y.2d at 236.

Plaintiff argues that Dr. Bilfield's report fails to address "the significance of the absence of

any prior complaints of pain, despite indicating that plaintiff had informed the physician that she

had been relatively free from pain immediately prior to the accident."  Pl.'s Mem. at 4 (citing

Ashquabe v. McConnell, 848 N.Y.S.2d 794 (4th Dep't 2007)).  Further, Plaintiff contends that

Defendant fails to show that Plaintiff's pain and injuries are related to a preexisting condition and

not made worse by the accident.  See Pl.'s Mem. at 4 (citing Carrasco v. Mendez, 4 N.Y.3d 566,

580, 830 N.E.2d 278 (2005)).  However, both Asquabe and Carrasco are distinguishable from the

instant case because, in each, the plaintiff offered objective medical evidence of neurological

compromise in conjunction with complaints of pain.  See Carrasco, 4 N.Y.3d at 578-579; see also

Asquabe, 848 N.Y.S.2d at 794-95.  Furthermore, in Carrasco, as Defendant points out, the defendant

was granted summary judgment because the plaintiff failed to refute the defendant's MRI evidence

of the presence of degenerative disc disease.  4 N.Y.3d at 580.  In order to defeat summary

judgment, "the plaintiff must come forward with at least enough evidence from which a rational jury

could conclude that the accident, and not the preexisting condition was the cause of her claimed

injuries."  Brusso v. Imbeault, No. 07-CV-6155P, 2012 U.S. Dist. LEXIS 25105, at **45-47

(W.D.N.Y. Mar. 16, 2010) (citing Pommells v. Perez, 4 N.Y.3d 566, 579-80 (2005)).  Here,

Plaintiff fails to produce evidence that refutes Defendant's evidence of a preexisting condition.

Accordingly, summary judgment is appropriate.

**IV.      CONCLUSION**

Based on the above considerations, it is hereby

**ORDERED**, that Defendant's Motion for summary judgment (Dkt. No. 22) is **GRANTED**

and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:    September 01, 2010
                Albany, New York

Lawrence E. Kahn
U.S. District Judge

13